[No. 5,906.]
## ROUSSET v. GREEN.

Homestead.—Prior to the Act of March 9th, 1868, a homestead could not be selected from an undivided interest in land; and under that act a homestead could only be selected, or a homestead previously selected be validated, where the party claiming the same was in the exclusive possession of a particular tract, and had the same inclosed.

Appeal from a judgment for the plaintiff, and from an order denying a new trial, in the Fourth District Court, City and County of San Francisco. Morrison, J.

The facts are stated in the opinion.

J. E. McELRATH, for Appellant.

When the homestead was filed, 28th March, 1867, Green, by virtue of Susan Murphy's covenant, had an equitable interest in the eight acres to which the homestead attached. (*Blue* v. *Blue*, 38 Ill. 10; *McManus* v. *Campbell*, 37 Tex. 267; Smythe on Homesteads, § 119; *McKee* v. *Williams*, 11 Mich. 358.)

The balance of the judgment held by Patterson was not a lien on the *equitable interest*. (*People* v. *Irwin*, 14 Cal. 228; *McMillan* v. *Richards*, 9 Id. 365.)

When plaintiff paid Patterson, a perfect title to the eight acres at once vested in Green, subject to the homestead. The homestead, when once acquired, is a peculiar estate, and, upon the death of either party, survives to the other. (Civ. Code, § 1474.)

*Pringle & Hayne*, for Respondent.

The declaration of homestead on an undivided interest was invalid, and not cured by Act of March 9th, 1868, (Stat. 1868, § 116) because it does not appear that the tract was *inclosed*. Any homestead interest which vested in Green by survivorship passed by estoppel under his covenants. (*Gee* v. *Moore*, 14 Cal. 472; *Himmelman* v. *Schmidt*, 23 Id. 119; *Rich* v. *Tubbs*, 41 Id. 34.)

The judgment was an equitable lien, and by payment thereof by plaintiff, there was attached to plaintiff's legal title the additional equity of the judgment creditor. (*Sumner* v. *Sawtelle*, 8 Minn. 309; *Shepherd* v. *White*, 11 Tex. 346; Storey's Eq. Jur. § 499 and note; *Silver State Bank* v. *North*, 4 Johns. Ch. 371; *Dale* v. *McEvers*, 2 Cowen, 118; *Dillon* v. *Byrne*, 5 Cal. 456; *White* v. *Polleys*, 20 Wis. 503.)

Department No. 2, MYRICK, J.:

The facts in this case are quite numerous, and are detailed at length in the transcript on file. From the view we take of this

case it will not be necessary to state them at length. We shall confine ourselves to such as are material.

On and before the 6th day of March, 1867, the defendant, Green, and his wife, Arabella, were residing upon a tract of land, without title other than possession. December 7th, 1866, a judgment had been docketed against Green in favor of one Murphy for some $10,000, upon which judgment on the 14th of September, 1868, there was a balance due of $3,775.54, with interest thereon from September 3rd, 1866, at the rate of two and one-half per cent. per month, which had been assigned to and was held by Patterson. March 6th, 1867, Mahoney executed to Felton and Brooks a deed conveying an undivided interest in the Rancho Laguna Merced, equal to eight acres. The residence, and a portion of the claim described in the homestead claim hereinafter mentioned, were within the boundaries of said rancho. March 19th, 1867, Felton and Brooks conveyed to Susan Murphy the same interest they had acquired by the deed from Mahoney. March 18th, 1867, Susan Murphy contracted in writing to convey to Daniel Green two parcels of land, viz: an undivided one-fourth of a parcel of land known as the Southworth tract; also an undivided interest in the Rancho Laguna Merced, equal to eight acres, together with the improvements which had been theretofore occupied by, and were in possession of said Daniel Green; upon the payment of $4,000, and interest. March 18th, 1868, Susan Murphy conveyed to Patterson all her interest in the two parcels. March 28th, 1867, Green caused to be filed a declaration of homestead upon a tract of land which included the premises upon which he resided with his family. August 19th, 1868, Daniel Green assigned to plaintiff all his interest in the Susan Murphy contract. August 21st, 1868, Patterson sued out an execution on the judgment held by him, and advertised the premises to be sold September 14th, 1868. On that day an agreement in writing was made between plaintiff and defendant Green, by which, among other things, Green conveyed to plaintiff said undivided interest, equal to eight acres, with said improvements, to hold the same as security for certain moneys, including the $4,000 and interest due on said Murphy contract; and

to prevent the sale on the Patterson judgment, plaintiff paid to Patterson the amount of his judgment, at Green's request, and by his agreement plaintiff was to hold a lien on the premises as security for reimbursement.

Plaintiff brought this suit to obtain a sale of the premises, in satisfaction of the amounts due him, including the amount paid on the Patterson judgment. The Court below made its decree, directing a sale and payment to plaintiff. Defendants Green and wife moved for a new trial, which was denied. Mrs. Green died in 1877, after notice of motion for a new trial, and the Court made an order, *nem. dis.*, to continue the proceedings as to Daniel Green. Green appeals from the order denying a new trial.

Upon the part of Green, it is contended, that when the claim of homestead was filed, March 28th, 1867, Green, by virtue of the Susan Murphy contract, had an equitable interest in the eight acres to which the homestead attached; that the balance of the judgment held by Patterson was not a lien on this equitable interest; that, without the consent of his wife, as provided by law, the acts of Green in incumbering the homestead were void; that Mrs. Green's death does not affect the question; that the homestead, when once acquired, is a peculiar estate, and upon the death of either party, survives to the other; that when plaintiff paid the Patterson judgment, a perfect title to the eight acres at once vested in Green, subject to the homestead, and the homestead claim was relieved of the priority of the judgment; that even conceding that Patterson had a lien on the eight acres, that lien expired December 7th, 1868, and no act of Green alone could continue it against the homestead, and his agreement that plaintiff should have security on the eight acres for the repayment of the amount paid on the judgment was void.

On the other hand, it is contended by plaintiff, that the declaration of homestead was invalid, as against the title derived from Mahoney, because that was only an undivided interest; that it was not validated by the Act of March 9th, 1868, (Stats. 1867-8, p. 118) because it does not appear that the tract claimed was inclosed; that upon the death of Mrs. Green, her interest

did not survive, and any homestead interest which vested by survivorship in Daniel Green passed by estoppel under his covenants; that the judgment lien was prior in point of time and superior to the homestead; that, by payment of the judgment, plaintiff attached to the legal title, already held by him, the additional equity of the judgment creditor; that the amount paid on the judgment was, in reality, a portion of the purchase-money, as it was necessary to pay it, in order to relieve the land of the lien.

At the date of filing the declaration, Green had but an undivided interest in the premises involved—an undivided interest in the whole rancho equal to eight acres—and as the law then was, a homestead could not be selected in such a case. The amendments of March 9th, 1868, to the Homestead Act, did not aid Green, because it does not appear that he was in the exclusive occupation of any particular parcel of land. Green had but an equitable interest in the undivided eight acres—that is, a right to have a deed upon the payment of the purchase-money; that money he never paid, but induced plaintiff to purchase the legal title, and to hold the same and Green's equitable interest as security; and this action is to foreclose the lien for the money so paid.

The judgment of the Court below is affirmed.

THORNTON, P. J., and SHARPSTEIN, J., concurring.