[Civ. No. 1105. Second Appellate District.—May 20, 1912.]

W. H. SWAN, Respondent, v. EDWARD WALDEN et al., Defendants; LOUELLA WALDEN, Appellant.

VALID HOMESTEAD—DECLARATION BY WIFE—WATER RIGHTS APPURTE-NANT—VOID DEED BY HUSBAND.—Where it is found that the wife declared a valid homestead upon certain lots occupied by the husband and wife, including certain shares of water used in connection therewith and appurtenant thereto, it follows that the deed of the husband for one-half of such homestead property and one-half of such water rights to a third person is not only inoperative and ineffectual as a conveyance of any part of the lots described in the declaration of homestead, but is likewise inoperative and ineffectual as a conveyance of any part of the shares of water represented thereby and appurtenant thereto.

APPEAL from a judgment of the Superior Court of San Bernardino County. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Halsey W. Allen, for Appellant.

Leonard & Surr, for Respondent.

SHAW, J.—Defendants Edward and Louella Walden were husband and wife and, on May 15, 1907, were the owners as joint tenants of lots 3, 4 and 5, block L. Lugonia Park, city of Redlands, together with all water appurtenant to said property and together with four shares of the capital stock of the Lugonia Park Water Company and also two and two-thirds shares of the capital stock of the Eastberne Water Company. On August 17, 1907, the defendant Edward Walden executed and delivered to plaintiff a grant deed purporting to convey to plaintiff all his interest in the property above described. Thereafter plaintiff, alleging himself, by virtue of this deed, to be the owner of an undivided one-half interest in and to all of the said property, brought this suit to have the same partitioned. In her answer defendant Louella Walden denied the execution of the deed to plaintiff, and as an affirmative defense alleged that prior to the execution of the deed to plaintiff, to wit, on May 15, 1907, she executed and caused to be recorded a declaration of homestead upon "lots No. 3 and 4 of block L, according to plat of Lugonia Park, . . . together with the water right appurtenant thereto, consisting of four shares of the capital stock of the Lugonia Park Water Company, a corporation." At the trial and in response to this issue so tendered, the court found that, as alleged, defendant Louella Walden did execute and record her "declaration of homestead upon lots three and four of block L of the property mentioned and described in the complaint, together with the water right, consisting of four shares of the capital stock of the Lugonia Park Water Company"; but further found she was not at the time in the exclusive occupation or possession of said property upon which she attempted to impress such homestead, and therefore the declaration of homestead was without force or effect. As a conclusion of law, the court held that plaintiff and Louella Walden were each the owner of an undivided one-half interest in all the property described in the deed from Edward Walden to plaintiff. An interlocutory decree followed, from which defendant Louella

19 Cal. App.—9

Walden appealed. (*Swan* v. *Walden,* 156 Cal. 195, [134 Am. St. Rep. 118, 20 Ann. Cas. 194, 103 Pac. 931].) As shown by that appeal, appellant contended, first: That the estate held by herself and her husband in the property in controversy was a tenancy by the entirety; hence, the husband was without power to convey any interest therein, and the deed to plaintiff was therefore null and void as a conveyance of any property. Second, that, at all events, the deed was ineffectual as a conveyance of the property upon which the homestead had been impressed. The supreme court reversed the interlocutory decree from which said appeal was prosecuted, and, in effect, held that the conveyance made by Edward Walden to plaintiff was a sufficient conveyance of all the property described, except that which was made the subject of the declaration of homestead so executed by Louella Walden, and in the *remittitur* directed the trial court to enter judgment in conformity with its opinion. Following this decision, the trial court made and entered a new interlocutory decree, whereby it was adjudged and decreed that plaintiff and defendant Louella Walden were equal owners as tenants in common of lot 5 in said block L, "together with all water appurtenant to said property, and together with four shares of the capital stock of the Lugonia Park Water Company, and also two and two-thirds shares of the capital stock of the Eastberne Water Company," and, in order to partition the same, directed a sale of said lot 5 in block L and the water appurtenant thereto, together with the four shares of the capital stock of the Lugonia Park Water Company, described in appellant's declaration of homestead as being appurtenant thereto.

From this last decree Louella Walden has appealed upon the judgment-roll, her contention now being that the four shares of the capital stock of the Lugonia Park Water Company constitute a water right appurtenant to said lots 3 and 4 as described and asserted in her declaration of homestead, and as to which the deed from her husband to plaintiff is inoperative as a transfer thereof.

The execution and recording of the declaration of homestead as alleged in the answer is deemed to be denied by plaintiff. Hence, not only the validity of the act, but every statement of claim therein made as to the property upon which

the homestead was impressed was put in issue. The declaration described the lots, "together with the water right appurtenant thereto, consisting of four shares of the capital stock of the Lugonia Park Water Company, corporation." "A thing is deemed to be . . . appurtenant to land when it is by right used with the land for its benefit. . . . " (Civ. Code, sec. 662.) The effect of the finding of the court that appellant had declared a homestead upon the lots, "together with the water right, consisting of four shares of the capital stock of the Lugonia Park Water Company, a corporation," is to sustain the alleged claim made by her that the right to the use of the water represented by such stock was appurtenant to said lots. Whether made so by describing the land in the certificates of stock and complying with the provisions of section 324, Civil Code, or otherwise, is immaterial. Since we construe the finding as supporting the statement that the water and the use thereof represented by this stock was appurtenant to the land, it must follow that the deed from Edward Walden to plaintiff was not only inoperative as to the lots described in the declaration of homestead, but likewise inoperative and ineffectual as a conveyance of the shares of stock, or water represented thereby.

The judgment is therefore reversed and the trial court directed to enter a new interlocutory decree whereby, not only lots 3 and 4 in said block L, but the four shares of the capital stock of the Lugonia Park Water Company and the water represented thereby and appurtenant thereto, be adjudged to be impressed with a valid homestead executed by said Louella Walden, and that as to said property the deed made by Edward Walden to plaintiff is inoperative and void.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1912.