ISRAEL E. WOLF and GEORGE H. DAVIS, Respondents, *v.*
SAMUEL FLEISCHACKER, Appellant.

The statute does not contemplate that homesteads should be carved out of land
held in joint tenancy, or by tenancy in common, because it has provided no
mode for their separation and ascertainment.

APPEAL from the District Court of the Fourth Judicial District,
County of San Francisco.

The facts appear in the opinion of the Court.

*McConnell & Stewart* and *C. M. Brosnan*, for Appellants.

*Cardozo & Labatt*, for Respondents.

No briefs on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C.
J., and BRYAN, J., concurred.

This was a motion for a writ of assistance to put in possession of the
land a purchaser under a decree of foreclosure of a mortgage, given to
secure the payment of the purchase money.

It is resisted on the ground that the land is a homestead, and the
wife did not join in the mortgage.

The mortgage is upon the whole land to secure the purchase money
for two-thirds of it undivided, the mortgagor being at the time the
owner of one undivided one-third.

The Homestead Act requires the homestead to consist of a quantity
of land, with the dwelling house, &c., not exceeding in value five thou-
sand dollars, to be selected by the owner thereof, &c.

In this case the defendant was the owner of an undivided one-third.
He held as joint tenant, having jointly purchased with two others. It
required the title of the three to constitute an ownership of the land,
and there was no part of it which he had the power to set apart as his
own so as to constitute a homestead. The right of each of the other
joint tenants was as great to the whole as his own right.

The statute did not contemplate that homesteads should be carved out of land held in joint tenancy, or tenancy in common, because it has not provided any mode for their separation and ascertainment. All of the questions of excess of value, appraisement and division between debtor and creditors, would arise only to give complexity to a state of facts, for which no provision of the statute seems to be adequate, and would necessarily force into litigation, or at least into care and trouble the innocent co-tenants, who would thus be subjected to annoyance without any fault of their own. If the policy of the law was to extend to such cases it would be more clear and explicit in its declarations, so that joint owners of land would at least be made aware of an additional contingency attached to the form of their title.

Judgment affirmed.