D. M. W. SEATON, AND PHEBE SEATON, EXECUTOR AND EXECUTRIX OF THE ESTATE OF G. W. SEATON, DECEASED v. ADOLPH A. SON, AND HENRY L. DAVIS.

HOMESTEAD.—A homestead cannot be carved out of land held in joint tenancy or tenancy in common, even if the joint tenant or tenant in common, who claims the homestead, is in the exclusive possession.

OUSTER OF TENANT IN COMMON.—Taking actual possession of land under a deed which purports to convey the whole thereof, under a belief that it does convey the whole, when in fact it gives title to an undivided portion only, is not an ouster of the tenant in common who owns the other undivided part.

LEGAL AND EQUITABLE TITLE.—If the plaintiff in his complaint avers that he holds the legal title to land and does not set up an equitable title, he cannot on the trial rely on an equitable title.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

On the 20th day of September, 1864, John E. Brophy entered into the actual possession of a lot of land in San Francisco, at the corner of Second and Clementina streets, under a deed of conveyance from James H. Owens and wife, purporting to convey the whole lot. Brophy believed, when he entered, that the deed conveyed the title to the whole lot. Brophy continued residing on the lot with his family, until after the 4th day of October, 1864, and on the day last named filed a declaration of homestead on the same. April 10th, 1865, Brophy and wife conveyed to John C. Kernan, who, on the 4th day of May, 1865, conveyed to G. W. Seaton. Seaton died in October following, and plaintiffs were the executors of his estate. On the 14th day of October, 1864, the defendant, Son, recovered a judgment against Brophy, in said Court, which was docketed on the same day. On the 5th day of December, 1865, an execution was issued on the

61

judgment against Brophy, and placed in the hands of defendant, Davis, who, as Sheriff, levied on and advertised the lot for sale. The plaintiffs brought this action to enjoin the sale. The Court below gave judgment in favor of the defendants, dismissing the complaint. The plaintiffs appealed.

The other facts are stated in the opinion of the Court.

*M. A. Wheaton*, for Appellants.

We contend that a party out of possession, who is the owner of an outstanding title of an undivided interest in the premises which are held adversely to him, is not a tenant in common with the occupant, although the occupant is the owner of the other undivided interest in the title of the premises. If such parties are tenants in common of the title, (if such a term be not a misnomer,) that still the land is not held by the title, and not by any tenancy in common, and therefore does not come within the rule that defeats a homestead right. The legal definition of the word tenant is " a holder." As applied to lands, it means the actual occupier— the possessor of lands. Another word, or words, are often added to " tenant," in order to explain the right of the occupation, the time it may last, etc ; as " tenant for life," " tenant for years," " tenant by sufferance," " tenant in fee simple," etc. etc. (See Burrell's Law Dictionary, " Tenant" to " Tenant at Sufferance ;" 2 Blackstone, 59.) A " tenancy in common " is where two or more persons hold land by *several* and *distinst titles, but by unity of possession.* (3 Blackstone, 191 ; 4 Kent's Commentaries, 367 III ; 1 Stephen's Commentaries, 323.)

*W. C. Burnett*, and *Drake & Hent*, for Respondents.

The appellants contend that there is a difference in the situation of tenants in common, when there is only *one* of them in *actual* possession—physically, there is a difference as to the *place of residence* of the parties, but in fact and in law they are still tenants in common—mentally, one of them may

believe, or pretend to believe, that he is the owner of the entirety, yet the facts and the law remain the same.  "Tenants in common are such as hold by several and distinct titles, *but by unity of possession: because none knoweth his own severalty,* and therefore they all occupy promiscuously."  (2 Blackstone Com. 181.)  The possession of one is the possession of all, (*Carpentier* v. *Webster,* 27 Cal. 541,) and this brings us irresistibly to the conclusion that a person cannot carve or dedicate a homestead out of lands as much in the legal possession of others as himself, *and of which he knoweth not his own part or severalty.*

By the Court, RHODES, J.:

The uniform construction of the Homestead Act of this State has been, that a homestead cannot be carved out of land held in joint tenancy or tenancy in common.  (*Elias* v. *Verdugo,* 27 Cal. 418 ; *Wolf* v. *Fleischacker,* 5 Cal. 244 ; *Reynolds* v. *Pixley,* 6 Cal. 167 ; *Giblin* v. *Jordan,* 6 Cal. 417 ; *Kellersberger* v. *Copp,* 6 Cal. 565.)

At the time Brophy filed his declaration of homestead, he held the legal title to the undivided seventeen eighteenths of the premises, and the title to the remaining eighteenth was in another person.  The plaintiffs contend that the doctrine of the cases above cited has no application where the tenant in common is in the adverse possession of the land which he claims to hold as his homestead, or where he alone is in the actual possession.  The facts necessary to raise the question in respect to the alleged adverse possession are wanting in this case.  There is no proof of the adverse possession of Brophy. His entry under the deed executed to him, and his belief at the time that the deed conveyed the entire title, followed by his exclusive actual possession up to the time of the filing of his declaration, did not amount to an ouster of his co-tenant. As between tenants in common, adverse possession begins with an actual ouster.  Nothing short of an actual ouster will sever the unity of possession,

Brophy's actual possession did not impair the right of his co-tenant, for under the fundamental rule of the relation, his possession was *prima facie* the possession of his co-tenant. While the co-tenant possessed the right to enter upon and enjoy the common land, it was impossible for Brophy to acquire a homestead in the whole or any part of it, for that, if permitted, would destroy the tenancy in common in the land thus taken.

The plaintiffs cannot maintain the position that they hold the equitable title to the one eighteenth in question, for in their complaint they rely upon the legal title to the whole premises, without claiming the equitable title to any portion thereof; and besides this, the evidence fails to show that Brophy or they acquired the equitable title to the undivided eighteenth.

Judgment affirmed.

Mr. Justice SHAFTER did not express any opinion.