[No. 3,984.]

## MERCEDES CAMETO *v.* JOHN DUPUY AND CHARLES CAMETO.

HOMESTEAD DECLARATION.—A declaration claiming a homestead on premises held in joint tenancy, or tenancy in common, made prior to 1868, was not valid.

IDEM.—The act of 1868 does not allow a homestead to be carved out of lands held in joint tenancy, or tenancy in common, except when the person filing the declaration is in the exclusive occupation of the tract sought to be dedicated as a homestead.

HOMESTEAD TO SURVIVING WIFE.—The Probate Court does not acquire jurisdiction to set apart a homestead for the surviving wife, where no homestead had been selected before the death of the husband, unless a petition therefor is filed.

APPEAL from the Probate Court of the City and County of San Francisco.

The petitioner presented a petition, as the widow of Martin Cameto, deceased, stating that in June, 1864, during the lifetime of her husband, she had filed a declaration claiming a homestead out of the real estate of her husband, and asking that the property described in the declaration be set apart to her as a homestead. John Dupuy, executor of Cameto, and Charles Cameto, a minor heir of Cameto, contested the petition.

At the trial, it appeared that in January, 1864, Martin Cameto and Dupuy jointly purchased the premises described in the petition, and went into possession as partners in the business of blacksmithing, and continued the business until the death of Cameto in 1872. The petitioner was married to Cameto in May, 1864. The house occupied

by them as a dwelling was the second story of a building in the rear of the blacksmith shop, and beneath it was a store place used by the firm. It appearing that the deceased had other real property than that described in the petition, the petitioner verbally moved that the Court set apart a homestead to her out of such real property, in case the application for the homestead should be denied. The Court refused to set apart the homestead, as asked in the petition, and also denied the verbal application. The petitioner appealed from both orders.

*George W. Tyler* and *A. A. Mace,* for Appellant.

*George & Loughborough* and *S. S. Wright,* for Respondents.

By the COURT:

The declaration of homestead filed by the petitioner in 1864 was not valid, for the reason that the premises were then held in joint tenancy. (*Elias* v. *Verdugo,* 27 Cal. 418; *Seaton* v. *Son,* 32 Cal. 481, and cases cited.)

That defect was not cured by the homestead act of 1868 (Stats. 1867–8, p. 116), for that act provides only for the acquisition of such right, in lands held in joint tenancy, or tenancy in common, where the person filing the declaration is in the exclusive occupation of the tract sought to be dedicated as a homestead. The Court, therefore, did not err in refusing to set apart such premises as a homestead. Nor did the Court err in refusing to set apart a homestead to the petitioner from other real estate of the decedent, for no petition was filed therefor, as provided by Sections 1,465 and 1,481, Code of Civil Procedure.

Order affirmed.