[No. 9620.    Department Two. — December 31, 1886.]

## ELIZABETH FITZGERALD, APPELLANT, *v.* BERNARDO FERNANDEZ ET AL., RESPONDENTS.

HOMESTEAD — LAND HELD BY JOINT TENANTS OR TENANTS IN COMMON — ACT OF MARCH 9, 1868. — Prior to the act of March 9, 1868, a homestead could not be acquired in land held by the claimant in joint tenancy or as a tenant in common.

ID. — TENANT IN COMMON NOT EXCLUSIVE OCCUPANT — FAILURE TO INCLOSE. — Under section 1 of the act of March 9, 1868, a tenant in common of land, who was not in the exclusive occupancy thereof, and did not have the same inclosed, could not acquire a homestead therein to the extent of his undivided interest; nor was a homestead, recorded by him on such land prior to the passage of the act, rendered valid by the provisions of section 2 of the act.

ID. — MORTGAGE OF HOMESTEAD BY HUSBAND — FORECLOSURE — WIFE IS PROPER PARTY. — Where a mortgage is executed by a husband alone, upon property claimed by him and his wife as a homestead, the latter is a proper party defendant in an action to foreclose.

ID. — SERVICE OF WIFE — FAILURE TO APPEAR — APPEARANCE BY UNAUTHORIZED ATTORNEY — DECREE. — Where an action to foreclose the

mortgage is brought against the husband and wife, and process is served upon both, the court acquires jurisdiction of the person of the wife as well as of the subject-matter of the action; and a decree of foreclosure entered therein is not void because the wife did not appear, but was represented by an attorney employed by the husband without her knowledge or consent, who appeared and answered for her.

ID. — PLAINTIFF NOT PREJUDICED BY UNAUTHORIZED APPEARANCE. — In such a case, if there had been no appearance for her, the plaintiff would have been entitled to a default and decree against her, and his position should not be held worse by an appearance with which he had no connection.

ID. — ACTION BY WIFE TO SET ASIDE DECREE — REASON FOR NON-APPEARANCE MUST BE ALLEGED. — In a subsequent action by the wife to set aside the decree of foreclosure, where her complaint fails to show any reason why she did not appear, or did not apply to the court in which the action to foreclose was pending for leave to defend, the decree will be held valid and binding upon her, and a bar to her subsequent action.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order refusing a new trial.

The facts are stated in the opinion.

*A. H. Griffith*, and *S. B. McKee, Jr.*, for Appellant.

*Eli R. Chase*, *W. S. Tinning*, and *Theo. Wagner*, for Respondents.

SEARLS, C.— This is an action to set aside and annul a decree of foreclosure against the plaintiff herein, to vacate an order of sale issued under such decree, and to enjoin D. P. Mahan, the sheriff of Contra Costa County, and Bernardo Fernandez, the other defendant, from making a sale of the mortgage premises, or from enforcing the judgment of foreclosure, upon the ground that the mortgaged property is the homestead of plaintiff.

Defendants had judgment, from which, and from an order denying a new trial, the appeal is prosecuted by the plaintiff.

There is no statement or bill of exceptions, and the case is presented on the judgment roll.

Two principal questions are involved in the appeal:—

1. Were the premises in question the homestead of plaintiff and her husband at the date of the execution of a mortgage thereon (September 25, 1873), by the latter, to defendant Fernandez?

2. Was the plaintiff concluded, and her right to a homestead, if any she had, foreclosed, by the decree of May 6, 1880, rendered in an action to foreclose the mortgage of September 25, 1873, in which action plaintiff was a party defendant, was served with a summons, and was represented by an attorney, who answered for her, but who was employed by her husband without her knowledge or authorization?

The facts essential to an understanding of the first proposition, as gleaned from the findings, are as follows:—

John Fitzgerald and plaintiff were husband and wife. On the second day of December, 1860, the former purchased from tenants in common or joint tenants, who owned undivided interests therein, less than the whole, their interest in and to the premises in question, and with his family, including the plaintiff, entered into the actual possession of a part, in the name of the whole, of the premises so purchased, and has ever since resided thereon.

On the tenth day of November, 1865, John Fitzgerald filed and caused to be recorded in due and regular form a declaration of homestead on said premises.

The land was not in the exclusive occupation of John Fitzgerald, and was not fully inclosed prior to 1869 or 1870, and was and still is owned by said Fitzgerald and others as tenants in common.

On the twenty-fifth day of September, 1873, John Fitzgerald executed a mortgage on the premises to defendant Bernardo Fernandez, to secure the payment of fifteen hundred dollars and interest, payable on demand.

Was the lien of this mortgage superior to the homestead claim?

Prior to the act of March 9, 1868 (Stats. 1868, p. 116), a homestead could not be carved out of land held by one in joint tenancy or as a tenant in common. ( *Wolf* v. *Fleischacker,* 5 Cal. 244; S. C., 63 Am. Dec. 121; *Reynolds* v. *Pixley,* 6 Cal. 165; *Giblin* v. *Jordan,* 6 Cal. 417; *Kellersberger* v. *Kopp,* 6 Cal. 564; *Bishop* v. *Hubbard,* 23 Cal. 517; *Elias* v. *Verdugo,* 27 Cal. 418; *Seaton* v. *Son,* 32 Cal. 483.)

The act of March 9, 1868, *supra,* under which appellant claims her homestead became valid, is as follows:—

"Sec. 1. Whenever any party entitled to a homestead under the laws of this state shall be in exclusive occupation of any parcel or tract of land, having the same inclosed, and shall select, and record, and reside upon the same as a homestead, such party so selecting and claiming shall be entitled to such homestead, and to all the rights and exemptions provided by the general law relating to homesteads to the extent of such claimant's interest in such homestead property, although such land be held in joint tenancy or tenancy in common, or such claimant own only an undivided interest therein.

"Sec. 2. This act shall apply to all homesteads heretofore recorded under the laws of this state, as well as those that may hereafter be acquired."

As will be seen, the first section of this act gives to joint tenants or tenants in common, *who shall be in the exclusive occupation of land, having the same inclosed,* the right to select and record the same as a homestead; and the second section applies the act to homesteads theretofore recorded under the laws of the state, as well as to those subsequently recorded.

John Fitzgerald was not in the exclusive occupation of the land upon which he sought to impress the homestead character, and did not have it inclosed. He did not, therefore, by virtue of the act, become entitled to a homestead in the premises.

The contention of appellant, that by virtue of the sec-

ond section, homesteads previously recorded upon lands held in joint tenancy or in tenancy in common were validated without reference to compliance with the provisions of the first section, cannot be maintained.

The language of the second section is, not that such second section applies, but that "this act shall apply to all homesteads heretofore recorded," etc.

As the act taken together only gives the homestead right in such cases to those in the exclusive occupation of the land and having it inclosed, plaintiff and her husband were wanting in an essential element requisite to a valid homestead.

The very question now under consideration was involved in *Cameto* v. *Dupuy*, 47 Cal. 79, in which a homestead had been declared in 1864, and this court held:—

1. That the homestead of 1864 was not valid, for the reason that the premises were then held in joint tenancy.

2. That the defect was not cured by the act of 1868 (Stats. 1867–68, p. 116), for the reason that such last-mentioned act only provides for the acquisition of such right, in lands held in joint tenancy or tenancy in common, where the person filing the declaration is in the exclusive occupation of the tract sought to be dedicated as a homestead.

It follows that the premises in question were not impressed with the homestead character, and the court below did not err in its conclusion.

The conclusion reached renders an inquiry into the second proposition involved unnecessary to a disposition of the appeal. We may, however, say:—

1. That where a mortgage is executed by the husband alone, upon property claimed by husband and wife as a homestead, the latter is a proper party defendant in an action to foreclose. (*Mabury* v. *Ruiz*, 58 Cal. 11.)

2. Where, as in this case, an action against husband and wife is brought to foreclose a mortgage, and process

is served upon both, whereby the court acquires jurisdiction of the person of the wife, as well as of the subject-matter, a decree of foreclosure entered therein is not void, because the wife did not appear, but was represented by an attorney employed by the husband without her knowledge or consent, who appeared and answered for her.

3. In such a case, if there had been no appearance for her, the plaintiff would have been entitled to a default and decree against her, and his position should not be held worse, by an appearance with which he had no connection.

4. As her complaint in this case fails to show any excuse or cause why she did not appear, or why she did not apply to the court in which the action to foreclose was pending for leave to defend, the court below properly held the decree of foreclosure valid and binding upon her, and a bar to her present cause of action.

The judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.