[No. 15953.    Department One.—July 2, 1895.]

IN THE MATTER OF THE ESTATE OF WILLIAM W. CARRIGER, DECEASED. KATE C. CARRIGER, APPELLANT.

HOMESTEAD—UNDIVIDED INTEREST.—An undivided interest in land of a deceased cotenant cannot be set aside as a probate homestead.

ID.—PROBATE HOMESTEAD.—A homestead cannot be set aside by the probate court in lands in which the deceased could not have declared a homestead in his lifetime.

APPEAL from an order of the Superior Court of Sonoma County, refusing to set aside a homestead.

The facts are stated in the opinion of the court.

*Ross Campbell*, and *J. T. Campbell*, for Appellant.

*Cary Howard*, and *Barclay Henley*, for Respondent.

THE COURT.—Kate C. Carriger is the widow of William W. Carriger, deceased, and appeals from an order of the superior court, in probate, denying her petition for a homestead.

After the death of the husband, Solomon Carriger produced what purported to be the last will and testament of the deceased, in which he was named as executor, but the widow contested the probate thereof, and, pending these proceedings, said Solomon Carriger was appointed special administrator, and said contest not having been finally determined, he has ever since been, and still is, such special administrator; and, as such, by order of the court, made and returned an inventory of the estate. There was no community property, and the

only real estate consisted of an unoccupied and unimproved lot of the value of two hundred dollars, and a one-ninth interest, undivided, in a tract of land containing nine hundred and four and eighty-five one-hundredths acres, upon which there is a dwelling-house in which the husband and wife " during their marriage had their residence and made and kept their home, . . . . with the knowledge and consent of the cotenants of said William in said land "; and this undivided interest, her petition alleged, does not exceed in value the sum of five thousand dollars.

The foregoing are the facts stated in the petition, so far as material to be noticed, and upon which she prayed that said undivided interest be set apart to her by the court as a homestead.

At the hearing the special administrator appeared by counsel and admitted all the allegations of the petition to be true, and, upon these facts, the court made an order denying her petition, and from that order this appeal is taken.

Upon this record two questions are made: 1. Has the probate court jurisdiction to set off a homestead while the estate is in the hands of the special administrator, no general administration having at any time been granted?   2. Can said undivided interest of the deceased in said larger tract be set apart to the widow as a probate homestead?

If either of these questions should be decided against appellant the order appealed from must be affirmed; and, as it is well settled in this state that a homestead cannot be created by a cotenant in lands held by tenancy in common, it is not necessary to consider the first question above stated.

In *Wolf* v. *Fleischacker*, 5 Cal. 244, 63 Am. Dec. 121, it was held that a homestead could not be declared by a cotenant in lands held in cotenancy.

In *Giblin* v. *Jordan*, 6 Cal. 416, it was held that land held by a husband, with his wife and child, as tenants

in common, is not subject to homestead rights under the laws of this state.

In *Kellersberger* v. *Kopp*, 6 Cal. 564, it was held that a conveyance of a moiety of the homestead by the husband and wife destroyed the homestead.

In *Seaton* v. *Son*, 32 Cal. 481, it was held that a homestead declared by one who supposed he was the sole owner of the land, but who in fact owned seventeen undivided eighteenths, was invalid. (See, also, *Cameto* v. *Dupuy*, 47 Cal. 79, and *First Nat. Bank* v. *Guerra*, 61 Cal. 109.)

These cases involved homesteads declared under the general homestead laws, and did not arise under the Code of Civil Procedure relating to probate homesteads; but, as early as *Kingsley* v. *Kingsley*, 39 Cal. 665, it was held that a homestead could not be set apart by the probate court in lands in which the deceased could not have declared a homestead in his lifetime. In that case certain lands were owned by copartners, upon one parcel of which the deceased had resided with his family. After his death the part so occupied was set off to the estate upon partition of the partnership lands, and the probate court ordered the same to be set apart to the widow, upon her petition, as a homestead. The order was reversed upon appeal. There is, in the opinion in that case, no suggestion that there were partnership debts, but the decision is placed squarely upon the ground that, as the deceased could not have created a homestead in partnership lands during his life, the land in question could not be assigned as a homestead to the widow, though they became the property of the estate by the partition after his death.

In *Estate of Noah*, 73 Cal. 590, 2 Am. St. Rep. 834, the case of *Kingsley* v. *Kingsley*, *supra*, was cited and followed.

These cases were questioned in the case of *In re Walkerly*, 81 Cal. 579, but the question there related solely to the value of a probate homestead, viz., whether a homestead of greater value than five thousand dollars

could be set apart by the court, and it was held that it could.

Appellant contends, however, that the principles decided in the Walkerly case and followed in *Estate of Smith*, 99 Cal. 449, which justify the allowance of a more valuable homestead, "because," as was said in the latter case, "there was no other land of the estate out of which a homestead could have been carved, and the premises which the court did set aside were indivisible," would sustain an order granting the prayer of the petitioner in this case.

In these cases last above cited there was no question but that the homestead so set apart was capable of complete, full, and perfect enjoyment, unembarrassed by an equal common right of possession by others, nor any necessity for a partition or other separation of interests in order to its perfect enjoyment; nor do those cases involve any real conflict in prior decisions, as was explained in the Walkerly case. Upon the question before us, however, the order appealed from cannot be reversed without overruling the numerous decisions which hold that a declaration of homestead cannot be made upon such lands, or, at the least, without overruling those other cases which hold that a probate homestead cannot be set apart in lands in which the deceased could not have created a homestead in his lifetime.

Counsel for appellant cite cases from other states which sustain their contention that a homestead may be declared in lands held in tenancy in common. The states that so hold are about equal in number with those that agree with the cases found in our own reports. So far as the weight of authority elsewhere is concerned, therefore, no satisfactory reason for departing from our prior adjudications appears; and, while a hardship may result to the appellant in this case, and may result to others in other cases from our adherence to former decisions, it is not clear that a departure might not create hardships and inconvenience equally great.

It is therefore ordered that the order appealed from be affirmed.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.