[No. 18373.   Department One.—November 28, 1895.]

## A. ROSENTHAL and WIFE, RESPONDENTS, v. MERCED BANK, APPELLANT.

HOMESTEAD—TENANCY IN COMMON—SUBSEQUENT CONVEYANCE OF TITLE.— A homestead cannot be created upon land held in cotenancy, in favor of one of the cotenants, and where a homestead is declared upon land so held, it is invalid, and cannot become a homestead by a subsequent conveyance from the other cotenant.

ID.—INVALID DECLARATION OF HOMESTEAD—CONVEYANCE BY HUSBAND.— Where a declaration of homestead is invalid by reason of a cotenancy existing at the time of the declaration, the title of the husband in the community property is not thereby affected, and can be conveyed by a deed from himself alone, without acknowledgment.

ID.—PROOF OF DEED—COPY ANNEXED TO ANSWER—FAILURE TO FILE AFFIDAVIT—ADMISSION OF EXECUTION AND GENUINENESS.—Where a copy of a deed from the plaintiff to the defendants is annexed to the answer of the defendant in an action to quiet title, if no affidavit denying its genuineness and due execution is filed, the same are deemed admitted, and it is not necessary for the defendant to offer the deed in evidence.

APPEAL from a judgment of the Superior Court of Merced County.   JOSEPH H. BUDD, Judge.

The facts are stated in the opinion of the court.

*James F. Peck,* for Appellant.

A homestead cannot be declared upon property held in common. (*Fitzgerald* v. *Fernandez,* 71 Cal. 505; *Reynolds* v. *Pixley,* 6 Cal. 165; *Bishop* v. *Hubbard,* 23 Cal. 517; 83 Am. Dec. 132; *Elias* v. *Verdugo,* 27 Cal. 418; *Seaton* v. *Son,* 32 Cal. 483.)   The genuineness and due execution of the deed by the defendant are admitted by the pleadings. (Code Civ. Proc., sec. 448; *Crowley* v. *City R. R. Co.,* 60 Cal. 628; *Clark* v. *Child,* 66 Cal. 87;

*Ward* v. *Clay*, 82 Cal. 505; *Brown* v. *Weldon*, 71 Cal. 393; *Waldrip* v. *Black*, 74 Cal. 409; *Sloan* v. *Diggins*, 49 Cal. 40.) The admission includes an admission of acknowledgment so far as is necessary, and a certificate of the notary is not essential to genuineness and due execution. (*Le Mesnager* v. *Hamilton*, 101 Cal. 532; 40 Am. St. Rep. 81; *Wedel* v. *Herman*, 59 Cal. 507; *Joseph* v. *Dougherty*, 60 Cal. 358; *Banbury* v. *Arnold*, 91 Cal. 606; *Sloan* v. *Diggins, supra*.)

*Frank H. Farrar*, for Respondents.

The acknowledgment of the instrument annexed to the answer is void as against the homestead. (Civ. Code, secs. 1093, 1187, 1242; *Jackson* v. *Torrence*, 83 Cal. 521; *Leonis* v. *Lazzarovich*, 55 Cal. 52; *Wedel* v. *Herman*, 59 Cal. 507; *Tolman* v. *Smith*, 74 Cal. 345; *Joseph* v. *Dougherty*, 60 Cal. 358; *Hodges* v. *Winston*, 95 Ala. 514; 36 Am. St. Rep. 241; *Edinburg etc. Mortgage Co.* v. *Peoples* (Ala., Jan. 16, 1894), 14 South. Rep. 656; *Smith* v. *Pearce*, 85 Ala. 264; 7 Am. St. Rep. 44; *Gage* v. *Wheeler*, 129 Ill. 197; *Jones* v. *Robbins*, 74 Tex. 615.) Since the adoption of the Civil Code the court should follow the more liberal rule allowing the claim of a cotenant to exemption of a homestead of land in which he is in exclusive possession. (Civ. Code, sec. 1237; Freeman on Cotenancy and Partition, sec. 54; *Horn* v. *Tufts*, 39 N. H. 483; *Thorn* v. *Thorn*, 14 Iowa, 53; 81 Am. Dec. 451; *McClary* v. *Bixby*, 36 Vt. 254; 84 Am. Dec. 684; *Greenwood* v. *Maddox*, 27 Ark. 660; *Robinson* v. *McDonald*, 11 Tex. 385; 72 Am. Dec. 480; *Robson* v. *Hough*, 56 Ark. 621; *Giles* v. *Miller*, 36 Neb. 346; 38 Am. St. Rep. 730; *Lewis* v. *White*, 69 Miss. 352; 30 Am. St. Rep. 557; *Oswald* v. *McCauley*, 6 Dak. 289.)

THE COURT.—Rosenthal and wife brought this action to quiet their title to lot 7 in block 147 in the city of Merced. The complaint was in the usual form. Defendant answered, and, in addition to denials, alleged that since July 20, 1893, it has been the owner in fee

simple of said premises, "on which said last-mentioned date the said plaintiffs made, executed, acknowledged, and delivered to defendant their certain deed in writing, a copy of which said deed is hereto annexed, marked exhibit A, and hereby referred to and made a part hereof; and on the 11th of October, 1893, in an action then pending before the superior court of Merced county, between the same parties hereto, by the judgment of said court, duly given and made, it was adjudged and decreed that said deed transferred and conveyed said premises described in the complaint herein to defendant, and said judgment has never been reversed, annulled, or set aside, and the same is now a final judgment of said court." Said exhibit A, attached to said answer, purports to be a copy of a deed signed by A. Rosenthal and Betsy Rosenthal, said signatures being followed by the words "Signed, sealed, and delivered in the presence of Samuel C. Bates," but no acknowledgment appears thereon. The plaintiffs did not file or serve an affidavit denying the genuineness and due execution of said deed under the provisions of section 448 of the Code of Civil Procedure.

The cause was tried by the court, and findings and judgment were in favor of the plaintiffs, and from said judgment the defendant appeals upon the judgment-roll, including a bill of exceptions. A preliminary recital under the head of findings of fact and conclusions of law states, among other things, that "the defendant failed and refused to introduce any evidence whatever in said cause."

The following are in substance the facts found, viz: That plaintiffs are, and since prior to the year 1877 have been, husband and wife; that on March 10, 1877, Charles Crocker was the owner in fee of said lot, and on that day granted and conveyed the same to the plaintiff, A. Rosenthal, and his brother, D. Rosenthal, and that said deed was duly recorded in said year; that on and prior to June, 15, 1882, the plaintiffs resided with their family in a dwelling-house upon said lot, and

claimed and used said lot and dwelling as their home and homestead; that said A. Rosenthal has never selected any homestead; that on the 15th of June, 1882, said Betsy Rosenthal selected the said lot and dwelling-house as the homestead of herself and her said husband, and executed and acknowledged the selection and declaration of said homestead in due form for the joint benefit of herself and husband, and said declaration was duly filed for record and recorded in the office of the county recorder of said county on June 16, 1882; that "said premises so selected as a homestead were at the time of such selection in the exclusive occupation of the plaintiffs, and were inclosed with a picket fence, and they have been ever since such selection, and are now, inclosed with a picket fence, and in the exclusive possession of the plaintiffs as their homestead," and that the actual cash value of said premises at the time of said selection was two thousand five hundred dollars, and that the present actual cash value does not exceed three thousand dollars.

That on the twentieth day of July, 1883, said D. Rosenthal executed and delivered to said A. Rosenthal a grant, bargain, and sale deed of said premises, which was duly acknowledged, and was afterward, on the fourth day of August, 1883, duly recorded; and that plaintiffs have ever since the execution of said deed been the owners in fee, and as their homestead, of said lot No. 7, mentioned in the complaint.

The bill of exceptions specifies that the evidence is insufficient to justify the finding that the plaintiffs have, ever since the execution of said deed of D. Rosenthal to A. Rosenthal, been the owners in fee and as their homestead of the said lot, because, as appellant claims, the deed alleged in defendant's answer, and the genuineness and due execution of which are admitted by the pleadings, was a transfer and conveyance of said premises from plaintiffs to defendant.

It is admitted by plaintiffs' attorney that no affidavit denying the genuineness and due execution of the deed,

a copy of which was attached to defendant's answer, had been made or served upon defendant.

Upon these facts appellant contends: 1. That a homestead cannot be declared upon realty held in tenancy in common; that, therefore, the lot in question was not a homestead, and could be conveyed by the deed such as is attached to the answer whether it was acknowledged or not; and 2. That whether the lot was a homestead or not, all the title that plaintiffs attempted to prove was acquired by them prior to the date of the deed to defendant set out in the answer, and that the genuineness and due execution of that deed are admitted by the pleadings, plaintiff having failed to file an affidavit denying its genuineness and due execution. It is conceded that, at the time the declaration of homestead was filed, the legal title to the lot in question was vested in A. and D. Rosenthal, as tenants in common.

It has been uniformly held in this state that a homestead cannot be created upon land held in cotenancy, or tenancy in common, in favor of one of the cotenants (*Wolf* v. *Fleischacker*, 5 Cal. 244; 63 Am. Dec. 121; *Giblin* v. *Jordan*, 6 Cal. 416; *Seaton* v. *Son*, 32 Cal. 481; *Cameto* v. *Dupuy*, 47 Cal. 79; *First Nat. Bank* v. *De la Guerra*, 61 Cal. 109; *Fitzgerald* v. *Fernandez*, 71 Cal. 504), even though the declarant supposed himself to be the sole owner (*Seaton* v. *Son, supra*), and that a conveyance by the husband and wife of an undivided moiety of the land would destroy the homestead right. (*Carroll* v. *Ellis*, 63 Cal. 440.) As early as 1865 it was said, in answer to an effort to overturn this rule: " It is now too late to reinvestigate the reasons upon which those decisions are based. The first of the series, *Wolf* v. *Fleischacker*, *supra*, was made nine years ago. The decision was affirmed in several cases (naming them), and since that time the construction of the statute upon the point involved has been regarded as settled. The parties in this case may have relied upon those decisions in dispensing with the signature of the wife to the mortgage." (*Elias* v. *Verdugo*, 27 Cal. 418.) As recently as *In re Carriger's*

*Estate,* 107 Cal. 618, it was said: "It is well settled in this state that a homestead cannot be created by a cotenant in lands held by tenancy in common." Under these uniform decisions it must be held that, at the time that the declaration of homestead was filed by Mrs. Rosenthal, the land was not susceptible of being impressed with a homestead. It is equally clear that, unless the land was impressed with the characteristics of a homestead at the time of making and filing her declaration, it did not become a homestead by any subsequent act of a third party, or by the subsequent conveyance from the cotenant to her husband. (See *Reynolds* v. *Pixley,* 6 Cal. 165.) Sections 1262–64 of the Civil Code prescribe the mode of creating a homestead in lands, and the mode thus prescribed is exclusive.

The declaration of homestead by Mrs. Rosenthal did not, therefore, create a homestead in the land, and the title of her husband therein was not affected, but could be conveyed by a deed from himself alone, and it was not necessary that his deed should be acknowledged in order to be effective as a transfer of his title. A copy of this deed was annexed to the answer of the defendant, and, as the plaintiffs did not file an affidavit denying its genuineness and due execution, they are " deemed admitted" (Code Civ. Proc., sec. 448), and it was not necessary for the defendant to offer the deed in evidence.

The judgment is reversed.