[L. A. No. 1248. In Bank.—January 26, 1906.]

## RALPH W. SCHOONOVER, Trustee in Bankruptcy, Respondent, v. MARY E. BIRNBAUM, Appellant.

HOMESTEAD—TENANCY IN COMMON—STARE DECISIS.—Under the settled decisions of this court, no homestead can be selected or claimed upon lands owned by the claimant as a tenant in common or joint tenant; and this must be regarded as the settled law of this state, under the rule of *stare decisis,* until changed by the legislature.

ID.—ACTION BY TRUSTEE IN BANKRUPTCY TO DECLARE HOMESTEAD INVALID—CONCLUSION OF LAW—JUDGMENT UPON PLEADINGS.—In an action by a trustee in bankruptcy to declare invalid a homestead previously selected by the bankrupt upon an undivided half interest, where the complaint alleged the proper facts, an averment based thereon that plaintiff succeeded to and became and is the owner of the half interest previously owned by defendant, is of a conclusion of law, the denial of which raised no issue, and where the answer presented no issue of fact, judgment was properly rendered for plaintiff upon the pleadings.

APPEAL from a judgment of the Superior Court of Santa Barbara County. W. S. Day, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

Richards & Carrier, for Respondent.

SHAW, J.—The defendant was the owner of an undivided one-half interest in a lot in Santa Barbara, which, in the year 1897, she selected as a homestead, by declaration to that effect duly executed and recorded. Subsequently she was adjudged a bankrupt under the provisions of the Bankruptcy Law of the United States, and the plaintiff was duly appointed as trustee in bankruptcy of her estate. The suit was instituted by the plaintiff to declare the so-called homestead invalid, and is based solely upon the ground that under the laws of this state a valid homestead cannot be selected or created upon land to which the claimant has no title other than as a tenant in common or joint tenant. The court gave judgment in favor of the plaintiff, and the defendant appeals.

In two decisions (*In re Carriger,* 107 Cal. 618, [40 Pac. 1032], and *Rosenthal* v. *Merced Bank,* 110 Cal. 198, [42 Pac. 640]) this court, in Department, held that lands held by tenancy in common or joint tenancy could not be selected or claimed as a homestead by the owner or by his or her spouse, in his lifetime, under the provisions of the Civil Code relating to homesteads, nor set off to the widow or surviving husband as a homestead by the court sitting in probate, under the provisions of the Code of Civil Procedure. We are now earnestly requested by the appellant to overrule these decisions. The court in these decisions followed the precedents established on the subject under the law existing prior to the adoption of the codes, consisting of the original case of *Wolf* v. *Fleischacker,* 5 Cal. 244 [63 Am. Dec. 121], and the cases of *Giblin* v. *Jordan,* 6 Cal. 416; *Seaton* v. *Son,* 32 Cal. 481; *Cameto* v. *Dupuy,* 47 Cal. 79; *First Nat. Bank* v. *De La Guerra,* 61 Cal. 109; and *Fitzgerald* v. *Fernandez,* 71 Cal. 504 [12 Pac. 562], following it. The argument of the appellant is that the original case was made upon a misapprehension of the nature of the homestead claim and a belief that the setting apart of a homestead by the sheriff, which the law at that time required, would in some way interfere with the rights of the cotenant or deprive him thereof, and hence that the law should not be construed to include such estates; that by subsequent decisions it has been established that the homestead interest, whatever its nature may be, does not affect the rights, interest, or estate of persons holding adversely or collaterally, but only serves to protect the

title or interest of the claimant, of whatever nature, in the land against the demands of creditors, and to affect the rights of heirs and others as successors of the homestead claimant; that there is nothing in the language of the present provisions of the code which makes the nature or quantity of the estate or title of the claimant in or to the land claimed as a homestead a test or limit of the right to make the selection and claim the exemption following therefrom; and therefore that there is no foundation in reason for the doctrine that the homestead cannot under the code be selected of lands held in cotenancy.

The cases of *In re Carriger,* 107 Cal. 618, [40 Pac. 1032], and *Rosenthal* v. *Merced Bank,* 110 Cal. 198, [42 Pac. 640], were decided in 1895. In the former a petition for rehearing was filed and was denied by the court in Bank, the chief justice dissenting. It must be assumed that these decisions have been, since their rendition, taken as the law of the state upon the subject, and that persons contracting with respect to lands held in cotenancy, affected or claimed to be affected by such homestead declarations, have acted upon that belief and made investments and contracts accordingly. In the ten years that have intervened it may be presumed that many such investments and contracts have been made. The rule of *stare decisis* is consequently applicable. Upon this subject the following language of the opinion in *Pioche* v. *Paul,* 22 Cal. 110, a case not as strong in many respects as the case at bar, is peculiarly applicable: "Under such circumstances, none but the strongest reasons would justify the court in taking such action as is asked by the appellant. Fickleness in courts is always to be deprecated, but especially in matters relating to titles to real estate. Stability is required in such cases above all others. One of the greatest evils the people of this state have suffered has been the uncertainty of its land titles, and the greater the precision and certainty of the rules of law upon the subject of titles to real estate, the more security will all classes feel in their transactions and dealings in land. Therefore, no well-considered decision ought to be overruled unless it clearly violates some well-established rule of law, and great evils are likely to flow from suffering it to stand as a rule of property. . . . In this case the legislature has had abund-

ant opportunities, had it so desired, or had they deemed it for the interest of the people, to have enacted a law upon the subject, clear in its terms.'' The decision which was thus allowed to stand was in regard to the construction of a statute. (See, also, *Vassault* v. *Austin,* 36 Cal. 691; *Smith* v. *McDonald,* 42 Cal. 487; *In re Dorris,* 93 Cal. 612, [29 Pac. 244].)

The decisions under the present and former laws holding that a homestead cannot be created out of lands held in cotenancy, violate no well-established rule of law. They merely construe statutory provisions conferring upon householders rights of exemption not otherwise enjoyed. Five sessions of the legislature have been held since the last decisions were promulgated. If the legislative department had not been satisfied with the judicial interpretation as to the extent of the right conferred, there has been ample opportunity to amend the statute so as to give in unmistakable language the right withheld by the decisions. In view of these circumstances, and without expressing any opinion concerning the soundness or unsoundness of the decisions in question, we are of the opinion that they should be adhered to, leaving it to the legislature to extend the right of the homestead to cotenants if it shall see fit.

The statement in the complaint that at the time of his qualification as trustee in bankruptcy of the estate of the defendant the plaintiff succeeded to and became the owner of the undivided one-half interest in the land in question previously owned by the defendant, and has ever since been and is now the owner thereof, is, in the form in which it is pleaded, a mere conclusion of law arising from the facts previously stated The denial of this conclusion in the answer raised no issue of fact, and there being no other material issue of· fact made by the answer, the motion for judgment on the pleading was properly granted.

The judgment is affirmed.

Beatty, C. J., Angellotti, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.