[L. A. No. 2293.　Department Two.—August 23, 1909.]

W. H. SWAN, Respondent, v. EDWARD WALDEN, Defendant, and LOUELLA WALDEN, Defendant and Appellant.

TENANCY BY ENTIRETY NON-EXISTENT IN THIS STATE.—In this state, a tenancy by entirety in land is not recognized.

ID.—DEEDS TO HUSBAND AND WIFE AS JOINT TENANTS.—A deed to a husband and his wife "as joint tenants with fee to the survivor," and a deed to them "during their joint lives, as joint tenants, and afterwards to the survivor in fee simple absolute," create a simple joint tenancy in them.

ID.—WIFE MAY DECLARE HOMESTEAD ON LAND HELD IN JOINT TENANCY—SUBSEQUENT DEED BY HUSBAND IS VOID.—Land held in joint tenancy by a husband and wife may be impressed with a homestead at the instance of the wife, and a deed by the husband alone of all his interest therein, made after the wife's declaration of homestead, is inoperative and void.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order refusing a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Halsey W. Allen, and Henry W. Nisbet, for Appellant.

Leonard & Surr, for Respondent.

HENSHAW, J.—This is an appeal from the judgment and from an order denying a motion for new trial. The action was for the partition of lots 3, 4, and 5 in block L in the city of Redlands. While defendants Edward Walden and Louella, his wife, appellant herein, were the admitted owners of these lots under deeds hereinafter to be considered, Louella made a declaration of homestead on lots 3 and 4, where she and her husband resided. Subsequently, the homestead never having been abandoned, the husband executed a deed of grant of all of his interest in the lots to plaintiff Swan. Judgment passed for plaintiff, and Louella Walden appeals, urging: 1. That the estate held by herself and her husband in the lots was a tenancy by the entirety; that, con-

sequently, the husband was without power to convey and his deed was, therefore, void; 2. That by reason of the valid homestead upon lots 3 and 4 the husband was unable to convey any interest or estate affecting those lots.

1. On the first proposition appellant contends for the existence of the common-law tenancy by entirety. This tenancy was a modification of the joint tenancy and arose where an estate was conveyed to a husband and wife under circumstances which would have created simply a joint tenancy if the conveyance had been made to any two people other than a husband and a wife. The estate was still, at common law, a joint tenancy, but because of the disabilities of the wife, the common law regarding the husband and wife as one, by construction the courts erected a modification of the tenancy. The modification was that while such estates had, like a joint tenancy, the quality of survivorship, they differed in the essential respect that neither spouse could convey his or her interest so as to affect the right of survivorship in the other. In the eye of the law the spouses were not seized of moieties but of entireties. (1 Wash. Real Prop., 6th ed., p. 562.) Thus, while in the case of a joint tenancy a severance of any of the unities, as a conveyance by one of the joint tenants to a third person, terminated the joint tenancy and transformed the new estate into a tenancy in common, this could not be done in a tenancy by entirety, owing to the fiction of the law that, in the latter tenancy, each held an undivided right to the whole and not, as in a joint tenancy, a right to an undivided half. Of course it was well settled, and is well settled, where a tenancy by entirety is recognized, that neither spouse can so destroy the character of the estate as to prevent the survivor becoming sole owner. (*Frost* v. *Frost,* 200 Mo. 474, [118 Am. St. Rep. 689, 98 S. W. 527]; *Thornburg* v. *Wiggins,* 135 Ind. 178, [41 Am. St. Rep. 422, 34 N. E. 999].)

In this state, however, the reason which obtained at common law, and which forced the courts into the declaration of a tenancy by entirety, has no existence whatsoever. The right of the wife to hold property and to contract, is fully recognized and upheld. With the ending of the reason for the rule, the rule itself should cease. The spirit of our laws makes against the recognition of such an estate. Besides the

compulsion of the common-law theory, there was an added protection to the wife when property was conveyed to the spouses under these circumstances. It was her clumsy equivalent to the modern homestead. She could not be disturbed in her possession, in her title, nor in her enjoyment, and if she survived, the fee vested absolutely in her. But in this state the code declares (Civ. Code, sec. 682), that the ownership of property by several persons is either: 1. Of joint interest; 2. Of partnership interest; 3. Of interests in common; and, 4. Of community interest of husband and wife. And it further declares (Civ. Code, sec. 164), that in case of a conveyance to a married woman and to her husband, the presumption is that the married woman takes the part conveyed to her as tenant in common, unless a different intention is expressed in the instrument. In effect then, this is a refusal upon the part of our law to recognize estates other than those named in section 682 of the Civil Code. Moreover, in those states where tenancy by entirety is recognized, the trend of decision is to treat such estates as a simple joint tenancy, unless the language of the instrument forbids such interpretation. (Stewart on Husband and Wife, sec. 310; Tiedeman on Real Property, sec. 244; *Thornburg* v. *Wiggins,* 135 Ind. 178, [41 Am. St. Rep. 422, 34 N. E. 999].) An inspection of the deeds by which the Waldens took, discloses clearly that the estates conveyed were designed to be estates in joint tenancy. Thus the grant of lots 3 and 4 was "to Edward Walden and Louella Walden, husband and wife, as joint tenants with fee to the survivor." Lot 5 was granted "to Edward Walden and Louella Walden, husband and .wife, during their joint lives, as joint tenants, and afterwards to the survivor in fee simple absolute. . . . The intention of this grant being to constitute a joint tenancy in said land in the said Edward Walden and Louella Walden." In Indiana, where tenancies by entirety are recognized, it is said: "Husband and wife, notwithstanding tenancies by entirety exist as they did under the common law, may take and hold lands for life, in joint tenancy or in common, if appropriate language be expressed in the deed or will creating it; and we know of no more apt term to create a joint tenancy in the grantees in this estate than the expression 'convey and warrant to Daniel S. Wiggins and Laura Bell Wiggins in joint

tenancy.' " (*Thornburg* v. *Wiggins*, 135 Ind. 178, [41 Am. St. Rep. 422, 34 N. E. 999].) It is held, therefore, upon this proposition: 1. By the laws of this state, tenancy by entirety is not recognized; and, 2. If it were, the deeds in question do not create such a tenancy, but a simple joint tenancy.

2. The second question to be answered may be thus stated: May land, held in joint tenancy by husband and wife, be impressed with a homestead at the instance of the wife, the sole objection to the validity of the homestead being the nature of the tenancy in which the land is held? As early as 1855, this court decided, in *Davis* v. *Fleischacker*, 5 Cal. 244, [63 Am. Dec. 121], that under the Homestead Act as it then existed, a homestead could not be carved out of land held in joint tenancy or by tenancy in common, the reason given being that it required the title of all the tenants to constitute an ownership in the land and that there was, therefore, no part of it which he (the homesteader) had the power to set apart as his own so as to constitute the homestead, and no mode had been provided under the Homestead Act for the ascertainment and separation of the particular estate sought to be impressed by the homestead. In that case the homestead was attempted to be declared by the husband who held in joint tenancy with two strangers to his family. Immediately following this was decided the case of *Giblin* v. *Jordan*, 6 Cal. 416, where the tenancy in common was that of the husband, the wife, and a daughter. Here also the husband had attempted to impress the land, or his estate therein, with a homestead, and a distinction was sought to be drawn between the situation thus presented and that of the Fleischacker case. But this court declared that it was at a loss to find a distinction, saying: "The defendants are as much tenants in common as though they were entire strangers to each other, and the estate of the wife and child cannot be impressed with the character of a homestead simply because they have resided upon the premises." These decisions were adopted and followed in a long line of cases, unnecessary here to cite, until in *Seaton* v. *Son*, 32 Cal. 483, where the father, being in the exclusive possession of property, and believing that he was the sole owner thereof, declared a homestead, and it proved that he held legal title, not to all,

but to an undivided seventeen eighteenths, and that the title
to the remaining eighteenth was in another person, notwith-
standing the fact that the father was in the exclusive pos-
session of all the property, the court felt compelled to hold
the homestead invalid.   This harsh rule led to the adoption
by the legislature in 1868 (Stats. 1867, 1868, p. 116) of a
statute declaring that, "Whenever any party entitled to a
homestead under the laws of this state shall be in exclusive
occupation of any parcel or tract of land, having the same
inclosed, and shall select and record and reside upon the same
as a homestead, such party so selecting and claiming shall be
entitled to such homestead, and to all rights and exemptions
provided by the general law . . . , although such land be held
in joint tenancy, or tenancy in common, or such claimant
own only an undivided interest therein," and the validity
of homesteads declared under the indicated circumstances has
been established.   (*Cameto* v. *Dupuy*, 47 Cal. 79; *Rousset* v.
*Green*, 54 Cal. 136.)   Moreover, by force of this statute it
was held in case of cotenancy that the husband's interest, if
he was residing upon the property under conditions fulfilling
the requirements of the statute, could be impressed with a
homestead at the instance of the wife.   (*Higgins* v. *Higgins*,
46 Cal. 259.)   Saving, however, in the cases mentioned, this
court, which was the first to declare that a homestead could
not be impressed upon land held in cotenancy, has, though
somewhat reluctantly, felt impelled to adhere to its decisions
as a rule of property under the doctrine of *stare decisis*, and
such uniformly has been its decisions, to the last recorded
case of *Schoonover* v. *Birnbaum*, 148 Cal. 550, [83 Pac. 999].
But in all the cases that have been adjudicated, the precise
question presented by this case has never before arisen.   Gen-
erally speaking, the cases have been like that of the Fleisch-
acker case in 5 Cal. 244, where the husband had sought to
declare the homestead and where his inability to do so has
been based upon the fact, that the metes and bounds of
his holding could not be delimited because of the nature
of the tenancy, and, therefore, it could not be said that the
whole land or any specific parcel was impressed by the home-
stead, since it was legally impossible to impress his cotenants'
interests with this characteristic.   The same reasoning, as we
have noted, was applied in *Giblin* v. *Jordan*, 6 Cal. 416, where,

of course, by his own declaration the husband could not impress the homestead character upon his wife's separate property or upon his daughter's property, in which sense they stood in the position of strangers. But the case which is here presented is different in this respect. Here the wife seeks to impress the whole land with the homestead characteristic. This she may do as to her own interest, which is her separate property, and this she may do as to her husband's interest, since she has the power to declare a homestead upon the husband's separate property, though he has no such power over hers. The homestead thus attempted to be declared is upon land, all of which is susceptible at the instance of the wife of having the homestead characteristics impressed upon it. There is no occasion for segregation or partition or delimitation of boundaries, since the homestead attaches to all of the estate and all of the land. The reasons which, in the view of this court, made it legally impossible for the husband to declare such a homestead when there was a cotenancy between himself, his wife, or third persons, does not exist in the peculiar instance of the case at bar. We have seen in *Higgins* v. *Higgins,* 46 Cal. 259, that where the wife has no interest in the property, she may, if her husband, a cotenant, be in the exclusive possession of it, declare a homestead upon his estate. How much more readily should the rule apply in this case, where the whole estate and all of the land may, at the instance of the wife, be made subservient to the homestead rights? In this respect the finding of the court that the wife was not in the exclusive possession of the land within the contemplation of the statute of 1868 is meaningless. Her husband certainly was in such possession, precisely as in the Higgins case.

For which reasons we hold that the homestead declared by the wife was valid, and, as a necessary consequence, the deed of the husband alone, made after the declaration, was inoperative and void.

The judgment is, therefore, reversed, with directions to the trial court to enter a new judgment in conformity with the above.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.