**In re STERLING.**

No. 26685–Y.

District Court, S. D. California, Central Division.

Oct. 8, 1937.

Joseph J. Rifkind and Raphael Dechter, both of Los Angeles, Cal., for trustee Hubert F. Laugharn.

Francis B. Cobb, of Los Angeles, Cal., for bankrupt.

YANKWICH, District Judge.

Jack Dave Sterling was adjudicated a bankrupt on November 26, 1935. The trustee filed his report of exempt property on April 4, 1937. Bankruptcy Act, § 47a(11), 11 U.S.C.A. § 75(a) (11); General Order 17 (2), as amended 11 U.S.C.A. following section 53. On April 30, 1937, the bankrupt filed exceptions to it. The referee heard the matter, and, on July 12, 1937, sustained the exceptions. The trustee seeks a review of this order, as it relates to a declaration of homestead recorded by the bankrupt on October 14, 1935, on real property acquired by him and his wife and owned by them in joint tenancy. The property has a value of $10,000 and is subject to an encumberance of $6,500. The bankrupt's wife did not execute the declaration of homestead and filed no consent to it.

The referee held the declaration of homestead valid, to the extent of the bankrupt's interest in the property.

Under the law of California, the homestead consists of "the dwelling-house in which the claimant resides, and the land on which the same is situated" (California Civil Code, § 1237) selected in accordance with the provision of the law. The property from which the homestead may be selected is designated by sections 1238 and 1239 of the California Civil Code. They read:

Section 1238, as amended by St.1935, p. 1490: "From what homestead may be selected. If the claimant be married, the homestead may be selected from the community property, or the separate property of the husband, or, with the consent of the wife, from her separate property. When the claimant is not married, but is the head of a family, within the meaning of section 1261, the homestead may be selected from any of his or her property. If the claimant be an unmarried person, other than the head of a family, the homestead may be selected from any of his or her property. *Property, within the meaning of this title includes any freehold title, interest, or estate which vests in the claimant the immediate right of possession, even though such right of possession is not exclusive.* [Italics added.]

"§ 1239. From what not. The homestead cannot be selected from the separate property of the wife, without her consent, shown by her making or joining in making the declaration of homestead."

The last clause of section 1238, which has been italicized, was added by amendment of 1929. St.1929, p. 339. Before that, California courts had ruled consistently that, unless the wife joined in executing the declaration of homestead, the husband could not select a homestead out of property held by him and his wife in joint tenancy or tenancy in common. See In re Carriger's Estate (1895) 107 Cal. 618, 40 P. 1032; Rosenthal v. Merced Bank (1895) 110 Cal. 198, 42 P. 640; Schoonover v. Birnbaum (1906) 148 Cal. 548, 83 P. 999; Swan v. Walden et al. (1909) 156 Cal. 195, 103 P. 931, 134 Am.St.Rep. 118, 20 Ann. Cas. 194; Sewell v. Price (1912) 164 Cal. 265, 128 P. 407; U.S. Oil & Land Co. v. Bell (1908) 153 Cal. 781, 96 P. 901; Arkle v. Beedie (1903) 141 Cal. 459, 74 P. 1033;

In re Gordon's Estate (D.C.Cal.1930) 44 F. (2d) 810. [1] This because "on account of the nature of the tenancy, there can be no segregation or delimitation of the boundaries of the particular estate, or interest in the property of the cotenancy, sought to be impressed, whereby it can be determined as to what particular part of the land the homestead attaches." In re Davidson's Estate (1910) 159 Cal. 98, 115 P. 49, 50.

The wife's interest in property held by her and her husband in joint tenancy, the nature of which has been the subject of a great controversy in California law, has been finally determined, in a group of recent decisions, as being her separate property, even when acquired with community funds. See California Civil Code, § 164, as amended by St.1935, p. 1912; Siberell v. Siberell (1932) 214 Cal. 767, 7 P.(2d) 1003; Delanoy v. Delanoy (1932) 216 Cal. 23, 13 P.(2d) 513; Young v. Young (1932) 126 Cal.App. 306, 14 P.(2d) 580; In re Kessler (1933) 217 Cal. 32, 17 P.(2d) 117; Taylor v. Talbert (1933) 134 Cal. App. 595, 25 P.(2d) 888; Burrows v. Burrows (1935) 10 Cal.App.(2d) 749, 52 P.(2d) 606; In re Harris' Estate (Cal.App.1937) 65 P.(2d) 117.

Courts accord to husband and wife the greatest freedom in dealing with each other with regard to either community or separate property. Killian v. Killian (1909) 10 Cal.App. 312, 101 P. 806; Siberell v. Siberell, supra; Young v. Young, supra. Evidence may thus be received to show the true character of the title by which property is held. Kenney v. Kenney (1934) 220 Cal. 134, 30 P.(2d) 398. However, where the rights of a third person have intervened, oral declarations of husband and wife will not be allowed to overcome the presumption which flows from their acts and deeds. See Estate of Gurn-

---

[1] The trustee relied chiefly upon the case last cited (In re Gordon's Estate, supra), decided by our own colleague, Wm. P. James. But, while the decision was made after the effective date of the amendment (on March 24, 1930), all the proceedings were had under the law as it stood before the amendment. A search of the original files in the case shows that the referee certifies that the trustee's report as to exempt property was filed on February 26, 1929, exceptions to it were heard by the referee on April 2, 1929. The certificate then proceeds: "That said referee decided said exceptions in favor of the trustee and against said petition-

er, and on the 8th day of July, 1929, the referee's findings of fact were made and entered therein. * * *" And further, "That on the 19th day of July, 1929, the petitioner, the said bankrupt, filed with the referee his petition for review of said order confirming report of trustee as to exempt property. * * *"

As the amendment did not take effect until August 14, 1929, it is clear that all orders of the referee were made prior to the taking effect of the act amending the section, and that the review proceedings were also brought prior to that date. So the decision does not assume to interpret the law as amended.

sey (1918) 177 Cal. 211, 213, 170 P. 402, 403; In re Gordon's Estate, supra; Siberell v. Siberell, supra.

These rulings would nullify the attempted homestead selection by the bankrupt here but for the last clause of section 1238.

It is evident that its object was to add to the kind of property from which a homestead might be selected.

The grounds for denying the husband the right to impress a homestead upon property held in joint tenancy with his wife were: (1) The wife owned an undivided interest in the property as her separate property. Of this she could not be deprived without her consent shown by making or joining in making the declaration. (2) A cotenant has no right to *exclusive possession.* While he may occupy the whole of the common land, he does so for himself and his cotenants. See California Civil Code, § 683, as amended by St. 1935, p. 912; Faubel v. McFarland (1904) 144 Cal. 717, 78 P. 261; Siberell v. Siberell, supra; Gwinn v. Commissioner (C.C.A. 9, 1932) 54 F.(2d) 728, 84 A.L.R. 176; Ochoa v. McCush (1931) 213 Cal. 426, 2 P.(2d) 357. The absence of the exclusive right of possession, *which made it impossible to segregate and delimit the undivided interest which the declarant of a homestead sought to claim,* was the chief ground for denying the right to carve a homestead out of property held by husband and wife in cotenancy. In re Davidson's Estate, supra. The clause added by the amendment of 1929 (St.1929, p. 339) sought to overcome this restriction by allowing a homestead declaration upon a freehold interest to which the immediate right of possession attached, although the right was not exclusive.

Given the state of the law at the time the amendment was made, the Legislature could have had in mind only estates such as cotenancies, whether they be estates in common or joint tenancies. For they were the group on which the restriction had been imposed by the courts, because of the lack of exclusive right of possession.

The prior history of the section supports this conclusion. Prior to the Act of March 9, 1868 (St.1867–68, § 116), a homestead could not be selected from an undivided interest in land. That act allowed a claim of homestead upon an *undivided interest in the land,* if the claimant was in exclusive possession of a particular tract and had it inclosed. The act was repealed by the adoption of the California Civil Code in 1872. The effect of the repeal was to restore the law to what it had been prior to the act, so as to deny the right to carve a homestead out of property held in cotenancy. See Rousset v. Green (1880) 54 Cal. 136; Fitzgerald v. Fernandez (1886) 71 Cal. 504, 12 P. 562; In re Carraghar's Estate (1919) 181 Cal. 15, 183 P. 161.

Excluding the requirement as to inclosure, the object of the 1929 amendment is to restore the benefits of the act of 1868.

Homestead laws are remedial in character. Their object is to protect the home against the creditors of the declarant. To achieve this result, they will be construed liberally. See Marelli v. Keating (1929) 208 Cal. 528, 282 P. 793; Jacobson v. Pope & Talbot et al. (1932) 214 Cal. 758, 7 P.(2d) 1017.

So doing, many courts, under laws somewhat similar to those of California, have allowed homesteads on lands held in cotenancy, upon the theory that the object of the homestead exemption is to protect the declarant and his family in their possession of a home "irrespective of the character or extent of the estate" which he held in the property. See 29 Corpus Juris 848; Lindley v. Davis (1887) 7 Mont. 206, 207, 14 P. 717; Atlas Supply Co. v. Blake (1915) 51 Okl. 778, 152 P. 601; Johnson v. Muntz (1936) 364 Ill. 482, 4 N.E.(2d) 826; Harkins v. Holt (1936) 124 Fla. 774, 169 So. 481.

Cotenancy is used widely in California by husbands and wives in acquiring real property, especially homes. As under California law, occupancy is of the essence of the homestead right [see California Civil Code, § 1237; Bullis v. Staniford (1918) 178 Cal. 40, 171 P. 1064]; the judicial rule requiring exclusive occupancy, under which cotenancies were excluded, stood in the way of giving the benefit of homestead exemption to many families. The Legislature removed the obstacle, thus bringing California in line with the more liberal states which do not insist on unhampered freehold ownership before extending the benefit of homestead exemption laws.

The Legislature might have been more explicit in expressing its intention. More, it might have named specifically cotenancies as being subject to homestead selection. But the failure to do so should not stand in the way of giving to the clause this meaning. Its language, the judicial and legislative history of the homestead law in

California, and the worthy social object to be attained, command it.

It follows that the homestead declaration of the bankrupt here, while ineffective as to the interest of his wife, is valid to the extent of his own interest in the property. And the referee was right in setting aside the property as exempt. The order of the referee is affirmed. Exception to the trustee.