. In re SANFORD'S ESTATE.

SANFORD, Respondent, v. CHAMBERLAIN STATE BANK et al., Appellants.

(164 N. W. 95.)

(File No. 4167. Opinion filed August. 30, 1917. Rehearing denied November 2, 1917.)

**Homestead—Setting Aside of, By Widow—Whether Homestead Selectable from Decedent's Non-homestead Property—County Court, Jurisdiction of—Statutes.**

Under Probate Code, Secs. 153, 155, as amended by Laws 1913, Chap, 236, providing that upon death of either husband or wife, or head of family, having selected or being entitled to select, a homestead as provided by law, survivor of such homestead's claimant, entitled thereto, etc., may continue to have

exclusive possession of the homestead as defined by law, and, if none has been selected and recorded, county court must cause same to be selected, etc., **held,** that the plain intent of said provision was to give to widow in all cases privilege of selecting such homestead as would have been allowed to her husband, where he had refused or neglected to select same in his lifetime. **Held,** further, that while statute fails to mention an application for such selection by survivor, yet the well-recognized fundamental principles of court practice well known to the legislative mind, would indicate that some application should be made to county court as basis for causing such homestead to be selected.

Whiting, J., and Gates, P. J., dissenting.

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

In the matter of the estate of James W. Sanford, deceased. From a judgment and decree setting apart certain realty as a homestead for Ethel E. Sanford, surviving widow, the Chamberlain State Bank and others appeal. Affirmed.

*Brown & Brown,* for Appellants.

*House & Dyer,* for Respondent.

Appellants cited: In re Noah, 73 Cal. 590, 15 Pac. 290; In re McVay's Estate (Idaho) 93 Pac. 28; In re Reed, 23 Cal. 410; In re Busse, 35 Cal. 310; Harston's Practice (Cal.) Sec. 1465; Weinreich v. Hensley, 121 Cal. 647, 54 Pac. 254; Chap. 38, Rev. Pol. Code 1877; Wells v. Sweeney, 16 S. D. 489; Chap. 29 Pol. Code of 1903; Estate of Walkerly, 81 Cal. 579, 22 Pac. 888; Smith v. Smith, 99 Cal. 449, 34 Pac. 77; In re Schmitt's Estate, 94 Cal. 334, 29 Pac. 714; Peebles v. Bunting (Iowa) 73 N. W. 882; Holcomb v. Holcomb (N. D.) 120 N. W. 547; King v. McCarthy (Minn.) 55 N. W. 960; Bailey v. Bank of Sisseton (S. D.) 150 N. W. 942; In re James Estate (S. D.) 160 N. W. 525; In re Gallagher's Estate (Cal.) 66 Pac. 70.

Respondent cited: Dak. Rev. Codes 1877, Secs. 130 and 132 to 136; Cal. Code, Secs. 121 to 127; Harston's Practice Secs. 1465 to 1470; Mawson v. Mawson et al., 50 Cal. 539; In re McCauley Estate 50 Cal. 544; In re Ballentine Estate, 45 Cal. 696; In re Brown Estate, 69 Cal. 244; 10 Pac. 412; In re Firths Estate 78 Pac. 643; In re Niccolls Estate, 129 Pac. 278.

McCOY, J. This appeal is from a judgment and decree of the circuit court designating, selecting and setting apart certain

real estate, of the estate of James W. Sanford, deceased as and for a homestead for Ethel E. Sanford surviving widow. It appears from the record that James W. Sanford died on the 23d day of February, 1914, leaving surviving him the respondent, his widow, and three adult children by a former wife; that at the time of his death he was the owner of several parcels of real estate, among which was lot 1, block 8, original plat of the city of Chamberlain; that at the time of his death, and for some time prior thereto, he and respondent resided and made their dwelling place upon and in rented property not owned by him; that prior to his death he had not in any manner selected, designated, or recorded any selection of homestead from real estate owned by him under the homestead exemption laws of this state; that after the appointment of an administrator, and during the course of administration, the respondent filed in the county court a petition stating that she desired said lot 1, block 8, as her homestead from the real property belonging to her deceased husband—that the building thereon contains living rooms, made and designed for that purpose, that would make a suitable home and homestead for her. The county court, upon due notice and hearing, granted the prayer of said petition, and caused said lot 1, block 8, to be appraised in the manner provided by law, and which appraisement fixed the value of said lot 1, block 8, together with the buildings and appurtenances thereon, at $5,000, and thereafter the county court entered judgment and decree designating, selecting, and setting apart to respondent as the surviving widow the said lot 1, block 8, as her homestead. From said judgment and decree of the county court an appeal was taken to the circuit court, which resulted in an affirmance of the said judgment of the county court.

The vital question involved is whether the county court had any authority or jurisdiction to set aside, as a homestead, property which was not used and occupied as a dwelling by the deceased or his family prior to his death. The respondent contends that under the provisions of chapter 236, laws of 1913, she had the right, and the county court was authorized and had jurisdiction, to designate, select, and set apart such homestead for her, after the death of her husband, although during the lifetime of her husband no such selection had been made by him. We are of

the opinion that the respondent is right in this contention. The incidents of the homestead right of widows and orphans are determined by the law in force at the time of the death of the husband and father. Section 543, Thompson on Homesteads. Sections 153 and 155 of the Probate Code, as amended by chapter 236, Laws of 1913, provide that upon the death of either husband or wife, or head of a family, having selected, or being entitled to select, a homestead, as provided by law, the survivor or survivors of such homestead's claimant, entitled thereto under the provisions of law, may continue to have exclusive possession of the homestead as defined by law until it is otherwise disposed of; and, if no homestead has been selected and recorded, the county court must cause the same to be selected, or if the one selected exceeds in area or value the homestead as provided by the homestead law, appraisers may be appointed to determine the value thereof, to the end that the same may be partitioned or sold and the proceeds turned over to those entitled to such homestead right. We are of the view that the plain intent of this provision of law was to give to the widow in all cases the privilege of selecting such homestead as would have been allowed to her husband, where the husband had refused or neglected to make such selection in his lifetime. Hatorff v. Wellford, 27 Grat. (Va.) 356. While our statute makes no mention of an application for such selection on the part of the survivor, who might be entitled to the selection of a homestead right, still the well-recognized fundamental principles of court practice, well known to the legislative mind, and which must have been in contemplation, would indicate that some application should be made to the county court as a basis for said court in causing such homestead to be selected. Thompson on Homesteads, § 616; Connell v. Chandler, 11 Tex. 249; Cameto v. Dupuy, 47 Cal. 79. In this case it appears beyond doubt that the county court by its judgment and decree, after due notice and hearing, selected and caused to be selected and set apart the said lot 1, in block 8, to respondent as her widow's homestead; and this we are of the view was within the jurisdiction and power of said court.

Finding no error in the record, the judgment appealed from is affirmed.

WHITING, J. (dissenting). I am unable to agree with the conclusion reached by Judge McCOY herein, though I do agree that it is the intent of our law to give to the widow the privilege of selecting the same homestead as would have been allowed to her husband, where he has refused or neglected to make such selection in his lifetime. As I read the briefs herein, this proposition is fully conceded by the appellant. The only basis of respondent's claim is that in this state we have what he terms a "probate homestead," such as they have in California, where, regardless of the fact of whether or not the decedent had a homestead or property which he might have claimed as a homestead, the probate court—and not the widow—is required to select from the real estate of the decedent land for a homestead for the widow. As I construe our statutes, the widow is not entitled to any homestead unless, on the day of the death of the husband and under the facts then existing, the husband or the wife might have claimed the particular property to be exempt as a homestead. Under the facts of this case, neither Sanford nor his wife, during Sanford's life, could have claimed this property as a homestead, because of the undisputed fact that it never had acquired a homestead character. But, if we had a statute like that of California, it would be within the power of the probate court, and it would be its duty, to select a homestead for the widow. But section 155, R. C. 1903, referred to in respondent's brief, is so different in its wording from section 121 of California Probate Code as to clearly evidence the intent of the Legislature, if they had the California law in mind at all, to make the law of this state entirely different from that of California. Instead of there being such a similarity in wording as would show an intent to follow the California statute, there is to my mind a dissimilarity sufficient to show an intent not to follow such law. The case of Hatorff v. Wellford, 27 Grat. (Va.) 356, cited in the majority decision, clearly holds that the homestead which the widow is entitled to is the homestead which might have been claimed by the decedent, and not a "probate homestead," such as provided for by the California statute.

GATES, P. J., concurs in the dissent.