[Civ. No. 3273.   First Appellate District, Division Two.—March 4, 1920.]

JOSEPH JOHNSON, Respondent, v. GRACE JOHNSON, Appellant.

[1] HOMESTEAD—PROPERTY HELD IN JOINT TENANCY—DECLARATION ON.—A valid homestead cannot be declared by the wife on property held by the husband in joint tenancy or tenancy in common with his parents.

[2] ID.—SUBSEQUENT ACQUISITION OF PROPERTY — DECLARATION INEFFECTIVE.—The property not having been impressed with the characteristics of a homestead at the time of making and filing the declaration by the wife, due to the fact that it was held by the husband and his parents as joint tenants, it would not become a homestead by the subsequent act of the parents in conveying the property to the husband.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

---

1. Whether homestead may be acquired in an undivided interest in lands, note, 63 **Am. Dec.** 122.

The facts are stated in the opinion of the court.

George P. Cary and Frank C. Dunham for Appellant.

A. G. Allen for Respondent.

NOURSE, J.—Defendant appeals from a judgment rendered against her in an action to quiet title, tried upon an agreed statement of facts.

The sole question to be determined in this action is the validity of a homestead declared upon property held in joint tenancy. At the time of the declaration of homestead plaintiff and his wife, Minnie Johnson, were the owners of the property in controversy in this action, holding the title thereto as joint tenants. Their son, Chester Johnson, who was also defendant's husband, had an interest in the property to the extent of seven hundred dollars, which he had paid on the purchase price of $5,200. Defendant and Chester Johnson resided upon the property and were in the exclusive possession thereof from about the time of its purchase, on August 25, 1915, until February 24, 1916, at which time Chester Johnson left defendant and went to live with his parents in Pasadena. On May 26, 1916, defendant filed her declaration of homestead upon the property. Thereafter, and on April 19, 1917, Joseph and Minnie Johnson, by grant deed, conveyed the property to Chester Johnson, and on the same day he reconveyed the property by grant deed to his parents. These deeds were recorded June 25, 1917, in the order in which they were executed.

[1] That a homestead in this state cannot be declared on property held in joint tenancy or tenancy in common has been established by a long line of decisions. But a statute adopted by the legislature in 1868 (Stats. 1867–68, p. 116) enlarged the scope of the homestead law so that whenever a party entitled to a homestead under the laws of the state is in exclusive occupation of a tract of land, having the same inclosed, and shall select and record and reside upon the same as a homestead, he shall be entitled to such homestead, although such land be held in joint tenancy, or tenancy in common, or such claimant own only an undivided interest therein. Defendant claims that, under the provisions of this statute, she was entitled to declare a homestead

upon the property in suit, regardless of the fact that her husband had only about a one-eighth interest in the property held by his father and mother jointly.

This precise question was very recently passed upon by the supreme court in the *Estate of Carraghar*, 181 Cal. 15, [183 Pac. 161], in which it is remarked that the decisions of the courts of this state since the adoption of the codes in 1872, as well as prior to the adoption of the statute of 1868, have been uniform in holding that a valid homestead cannot be declared upon property held in joint tenancy or tenancy in common. For the purpose of showing that that statute has never been recognized by the supreme court since the adoption of the codes in 1872, the opinion in the *Estate of Carraghar* reviews many cases on this subject, decided since then, including those in which the facts were such as to make the act of 1868 applicable if still in force. It discusses the homestead law as embraced in the Civil Code and Code of Civil Procedure, and after elaborating upon its reasons therefor, holds that the statute of 1868 was abrogated by the adoption of the codes. This case finally determines that a homestead cannot be impressed upon property held in joint tenancy or tenancy in common. [2] Neither does it avail defendant that the property was afterward deeded to her husband. "Unless the land was impressed with the characteristics of a homestead at the time of making and filing her declaration, it did not become a homestead by any subsequent act of a third party, or by the subsequent conveyance from the cotenant to her husband." (*Rosenthal* v. *Merced Bank,* 110 Cal. 198, 203, [42 Pac. 640, 641].)

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.