## In re GORDON'S ESTATE.
### No. 11956–M.

District Court, S. D. California, Central Division.

March 24, 1930.

C. E. McDowell, of Los Angeles, Cal., for Bankrupt.

Carl C. Cowles, of Santa Ana, Cal., for Trustee.

JAMES, District Judge.

The trustee refused to set aside certain real property claimed by the bankrupt as a homestead.

The referee certifies the evidence to be that the husband testified that the property in question was purchased with community funds of the bankrupt and his wife, but that when so purchased the deed conveyed the title to the husband and wife as joint tenants with the right of survivorship; that in causing the deed to be so executed, the bankrupt had no intention of changing the community character of the property or of making a gift of any part of it to his wife, and that the title was so taken only for the purpose of convenience; that at the time the deed was made, the bankrupt was absent from home a great deal on business and was of the opinion that by taking the deed in the form mentioned his wife would be enabled to "better manage the property" in his absence. Further, that the wife testified that she did not claim any of the property as separate. The property had stood in the names of the two people from the time it was purchased, under the form of deed referred to. The referee certifies further that it was stipulated that the declaration of homestead when filed was in due form and that petitioner and his family were residing on the property at the time the declaration was made and recorded; that the declaration was not filed by the bankrupt's wife, nor did she consent to the making or filing of it in the manner provided by section 1239 of the Civil Code of California.

██ The power of the trustee to diminish an exemption claim is questioned. There can scarcely be any question but that the bankruptcy court, acting through its referee, who was given full power under the order of reference and the rules of court, had the right to determine the validity of an exemption claim. Collier on Bankruptcy, vol. 1, p. 286.

District Judge Evans, in the case In re Cheatham (D. C.) 210 F. 370, 372, a review proceeding involving the action of the trustee and the referee in acting on a claim for the setting apart of exempt property, properly said:

"Generally speaking, all the trustee can do is to allot to the bankrupt the property exempt under the state law. Of course the action of the trustee in doing this may be excepted to, and the propriety of his action, either as to whether the exemption was lawful or whether too much or too little of the property of the bankrupt had been set apart, is open to final determination by the bankruptcy courts; but, after the property is set apart as exempt, neither the trustee nor the bankruptcy court has any further authority over it. *So that here, while any controversy respecting the right to the homestead or as to whether too much or too little land was set apart as being worth more or less than $1,000 may be settled in this proceeding. * * * *"*

██ A husband cannot select a homestead out of property which is held by himself and wife as joint tenants, unless the wife joins in executing the declaration. 13 Cal. Jur. § 280; 13 Ruling Case Law, § 34; Schoonover v. Birnbaum, 148 Cal. 548, 83 P. 999; Swan v. Walden et al., 156 Cal. 195, 103 P. 931, 134 Am. St. Rep. 118, 20 Ann. Cas. 194; Sewell v. Price et al., 164 Cal. 265, 128 P. 407.

It is held in the cases cited that while the wife might make a valid homestead of property held under joint tenancy, the husband could not, the difference resting wholly upon the terms of the statute, which on the one hand authorizes the selection of a homestead from both the community property and the separate property of the husband, but forbids the selection of separate property of the wife unless her consent is given, which consent must be shown by her making or joining in the declaration of homestead. Sections 1238, 1239, Civil Code of California.

Assuming that there existed in fact a true joint tenancy making the wife's interest in the real property her separate estate, then the determination of the trustee and the referee is right.

██ May the testimony of the husband and wife, above referred to, be considered to contradict the plain terms of the deed under which the joint tenancy was created? The facts as stated in the referee's certificate justify the conclusion that the husband and wife, when they caused the property to be transferred in joint tenancy, intended to make use separately of such rights as such a conveyance gave to them. The testimony of the husband was that he intended, in having the deed made in the form it was, to enable his wife, during his absence, to "better manage the property." The mere declaration that it

was not intended to change the community character of the property or to declare a gift of a half of it to the wife, or the wife's statement that she did not claim the property as separate property, cannot be accepted to change the effect of the conveyance as made. Estate of Gurnsey, 177 Cal. 211, 170 P. 402; 7 Cal. Jur. p. 334.

The referee's decision shows that he gave careful study to the law and its applicability to the facts involved. By reason of the conclusions hereinabove expressed, it will appear that there is no ground shown why that decision should be disturbed.

The order of the referee brought here under review is approved and confirmed. An exception is allowed to the petitioner in review.